[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 931
On September 20, 1988, the dedart filed a taking of plaintiff's property known as 845-847 Hallett Street, Bridgeport, for the construction of a public school and deposited $145,000 with the clerk of the Superior Court. Damages are by law determined as the date of taking. The land is 50 x 100 feet in size with a two-story building of brick construction located at the corner of Berkshire Avenue and Hallett Street. A separate building with a garage and a storage building are at the rear. The main building has two stores with a full liquor permit on the first floor and one large apartment on the second floor. The restaurant has two rooms with toilets and a bar. The second floor has two living rooms, two kitchens, five bedrooms, a dining room, and two full bathrooms. Plaintiff's appraiser found the fair market value of the land and improvements to be $225,000, using the income approach.
At the time of trial the improvements were no longer in existence and the court therefore could not view them. Photographs in evidence, however, show the main building to be an old structure (61 years) and the buildings at the rear quite non-descript. Plaintiff's appraiser made his valuation on March 16, 1988. At the time he made the appraisal he did not know that the amount of fire insurance on the main building was $60,000 in 1985-86 and $40,000 on the contents. Insurance amounts as of 1988 could not be ascertained. Plaintiff's appraiser conceded that, had he known of the amount of insurance in 1985-86, he would have "adjusted" his figures. The heating system in the restaurant consisted of overhead blowers in each room.
The defendant's appraiser found the fair market value of the property as of May 29, 1987, to be $145,000. An updating of his appraisals on June 14, 1990, showed a value of $165,000. At the time of original appraisal in May, 1987, the property was owned by one Jennie Riccio and by November 16, 1987, it came into the name of the Estate of Frank D. Riccio, at which date it was sold to the plaintiff for $25,000 subject to all encumbrances of record. As of the taking date, the record disclosed tax liens dating from June 1981 through June 1988 totalling $17,260.08 that accumulated during plaintiff's CT Page 932 ownership. The contract of sale on the property in which the price of $25,000 was fixed, was executed in November, 1976, at a time when real estate values were considerably lower than in the 1980's. It was, nevertheless, what appears to be a very substantial bargain for the plaintiff. Even so, he apparently allowed taxes to remain unpaid from 1981 through 1988.
The court is of the opinion that the defendant's appraisal of $165,000 is quite generous. The court finds the fair market value of this property to be $155,000 as of the date of taking.
Judgment may enter in favor of the plaintiff for $155,000 minus the sum of $145,000 paid to the clerk of court and available to plaintiff plus interest at the statutory rate on 10 per cent per annum. In addition, under 48-26, plaintiff is entitled to an award of reasonable appraisal fees and reasonable fees for expert testimony. The court finds the reasonable fees to be in toto the sum of $1000. The balance of the expert's bill is left for the plaintiff to pay out of his generous award.
GEORGE A. SADEN, State Trial Referee CT Page 933